Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Michael J. O'Connor, Jr.
moconnor@albblaw.com
Joseph E. Pelochino
jepelochino@albblaw.com
ANDREWS LAGASSE BRANCH & BELL LLP
4365 Executive Drive, Suite 950
San Diego, California 92121
Telephone: (858) 345-5080
Attorneys for Plaintiffs
LOUISE RAMS; ALEXANDER FLEMMING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE RAMS, an individual; ALEXANDER FLEMMING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DEF JAM RECORDINGS, INC., a New York Corporation; UNIVERSAL MUSIC GROUP RECORDINGS, INC., a California Corporation; JEREMIH FELTON, individually and doing business as "JEREMIH"; DOES 1-10, inclusive, | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br><br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>3. **VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)**<br><br>4. **MISAPPROPRIATION OF LIKENESS IN VIOLATION OF CAL. CIV. CODE 3344(a)** |

| | |
|---|---|
| Defendants. | **AND COMMON LAW**<br><br>**5. VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT OF 1990**<br><br>Jury Trial Demanded |

Plaintiffs LOUISE RAMS ("RAMS") and ALEXANDER FLEMMING ("FLEMMING"), by and through their undersigned attorneys, hereby pray to this honorable Court for relief based on the following:

## INTRODUCTION

FLEMMING is a photographer with a particular talent for creating striking and evocative portraiture. FLEMMING created a certain stylized photograph depicting a foregrounded close-up image of RAMS. This photograph was published by FLEMMING and then taken without FLEMMING's authorization by Def Jam Recordings, Inc. ("DEF JAM"), Universal Music Group Recordings, Inc. ("UMG"), and JEREMIH FELTON, individually and acting under his *nom de guerre* "JEREMIH" ("JEREMIH"), which then exploited the image by, inter alia, featuring it as the key art or primary visual element for various versions of JEREMIH's albums, songs, and marketing materials. To make matters worse, Defendants removed FLEMMING's mark from the photograph to conceal his authorship and placed the "Def Jam Recordings" mark on versions of the album cover before making them available to the public.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. RAMS is an individual residing in Denmark.

5. FLEMMING is an individual residing in Denmark.

6. Plaintiffs are informed and believe and thereon allege that Defendant DEF JAM is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 825 8th Avenue, 28th Floor, New York, NY 10019, and is doing business in and with the State of California.

7. Plaintiffs are informed and believe and thereon allege that Defendant UMG is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404.

8. Plaintiffs are informed and believe and thereon allege that Defendant JEREMIH is an individual of residence unknown that is doing business in and with the State of California.

9. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights and likeness rights, have contributed to the infringement of Plaintiffs' copyrights and likeness rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## CLAIMS RELATED TO SUBJECT IMAGE

11. FLEMMING created and owns an original photograph of his own composition depicting RAMS (the "Subject Image").

12. The Subject Image has been submitted for registration with the United States Copyright Office.

13. Plaintiffs are informed and believe and thereon allege that Defendants and DOE Defendants misappropriated the Subject Image through their use on various materials, including without limitation, versions of the album cover for JEREMIH's single, "Don't Tell 'Em," (collectively the "Accused Works").

14. This comparison reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or substantially similar:

4
COMPLAINT

## SUBJECT IMAGE



///

///

5
COMPLAINT

## ACCUSED WORK EXEMPLARS







15. Plaintiffs are informed and believe and thereon allege that, without Plaintiffs' authorization, Defendants, and each of them, used and distributed images that are identical to, or substantially similar to, the Subject Image as an album cover in various marketing and advertising materials, and across various web sites and social media platforms.

16. Plaintiffs are informed and believe that DEF JAM, UMG, or JEREMIH, or all of them removed the "AF" signature mark from the Subject Image. The "AF" mark identifies FLEMMING as the author of the Subject Image.

17. Plaintiffs are also informed and believe that DEF JAM, UMG, or JEREMIH, or all of them added a "Def Jam recordings" signature mark to the Subject Image, and did so without the authorization or consent of Plaintiffs.

18. Plaintiffs are informed and believe and thereon allege that JEREMIH was or is a popular recording artist, producer, and entertainer, and that JEREMIH is currently recording and distributing and performing music.

19. RAMS at no point authorized Defendants, or any of them, to use her likeness in the Accused Work.

20. FLEMMING at no point authorized Defendants, or any of them, to use the Subject Image as complained of herein.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

21. FLEMMING repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. FLEMMING is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Image, including, without limitation, through viewing the Subject Image on FLEMMING's websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source.

23. FLEMMING is further informed and believes and thereon alleges that said Defendant has an ongoing business relationship with one or more of the other Defendants.

24. Defendants, and each of them, used and distributed images that were copied from the Subject Image, exploiting said image as the primary cover art for JEREMIH's album, and using it in marketing and advertising and across various personal and social media platforms.

25. FLEMMING is informed and believes and thereon alleges that Defendants, and each of them, infringed FLEMMING's copyrights by creating an infringing derivative work from the Subject Image and by distributing the work that infringes the Subject Image to the public.

26. Defendants, and each of them, infringed FLEMMING's rights by copying the Subject Image without FLEMMING's authorization or consent.

27. Due to Defendants', and each of their, acts of infringement, FLEMMING has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of FLEMMING's rights in the Subject Image. As such, FLEMMING is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Image in an amount to be established at trial.

29. FLEMMING is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

30. FLEMMING repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. FLEMMING is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Image as alleged hereinabove.

32. FLEMMING is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, FLEMMING has suffered and will continue

to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of FLEMMING's rights in the Subject Image. As such, FLEMMING is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Image, in an amount to be established at trial.

35. FLEMMING is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them to enhanced statutory damages and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## **THIRD CLAIM FOR RELIEF**

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)

36. FLEMMING repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

37. FLEMMING is informed and believes that Defendants, and each of them, violated 17 U.S.C. §§ 1202(a) and 1202(b) by: (a) knowingly and with the intent to induce, enable, facilitate, or conceal infringement, providing copyright management information on the Subject Image that was false, and distributing copyright management information that was false; and (b) intentionally removing and/or altering the copyright management information on the Subject Image, and distributing copyright management information for the Subject Image with knowledge that the copyright management information had been removed or altered

without authority of the copyright owner or the law, and distributing and publicly displaying the Subject Image, and copies of the Subject Image, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

38. FLEMMING is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the Subject Image, and provided copyright management information for the Subject Image that was false.

39. FLEMMING is informed and believes and thereon alleges that Defendants knowingly attached a fraudulent copyright notice and attribution to the Subject Image.

40. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties.

41. FLEMMING is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

## FOURTH CLAIM FOR RELIEF

(For Misappropriation of Likeness in Violation of Cal. Civ. Code 3344(a) and Common Law – Against all Defendants, and Each)

42. RAMS repeats, re-alleges, and incorporates herein by reference as though fully set forth, paragraphs 1-20 as contained in this Complaint.

43. On information and belief, RAMS allege that Defendants, and each of them, knowingly used RAMS' likeness and photograph for purposes of advertising or

selling, or soliciting purchases of, Defendants', and each of their, products, merchandise, goods, or services, and did so without Plaintiffs' prior consent

44. RAMS is informed and believes and thereon alleges that Defendants knowingly used RAMS' likeness in the Subject Image in order to advertise and market JEREMIH and his products and services in violation of this law, exposing Defendants, and each of them, to damages, costs, and attorneys' fees. Such use resulted in injury to RAMS.

45. RAMS is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

46. The above-referenced use of the RAMS likeness violates Cal. Civ. Code 3344(a) and subjects Defendants, and each of them to statutory damages and penalties, including punitive damages.

### FIFTH CLAIM FOR RELIEF
(For Violation of the Visual Artists Rights Act of 1990 – Against all Defendants, and Each)

47. FLEMMING repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

48. FLEMMING is informed and believe and thereon allege that Defendants, and each of them, have violated FLEMMING's right to claim authorship of the Subject Image and his right to prevent any intentional distortion, mutilation, or other modification of the Subject Image that would be prejudicial to his honor or reputation, in violation of 17 U.S.C.§ 106A.

49. FLEMMING is informed and believes and thereon alleges that Defendants, and each of them, knowingly avoided proper attribution of credit to FLEMMING for his creation of Subject Image, and engaged in improper

12
COMPLAINT

modification of the Subject Image for personal and pecuniary use, exposing Defendants, and each, to liability for general and special damages.

50. FLEMMING is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, their agents. and employees be enjoined from infringing FLEMMING's copyrights in any manner, specifically those related to the Subject Image;

b. That Defendants, their agents. and employees be enjoined from infringing RAMS' likeness rights in any manner, specifically those related to the Subject Image;

c. That FLEMMING be awarded all profits of Defendants plus all losses of FLEMMING, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

d. That RAMS be awarded all profits of Defendants plus all losses of RAMS, plus punitive damages if found applicable, the exact sum of which to be proven at the time of trial, per Cal. Civ. Code 3344 *et seq.*;

e. That FLEMMING and RAMS be awarded their respective attorneys' fees as available under applicable law;

f. That Plaintiffs be awarded their costs as available under applicable law;

g. That Plaintiffs be awarded statutory damages and/or penalties under the statues set forth above;

h. That Plaintiffs be awarded pre-judgment interest as allowed by law; and

i. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: April 13, 2015           By: */s/ Scott A. Burroughs*
Scott A. Burroughs, Esq.
Stephen M. Doniger, Esq.
DONIGER / BURROUGHS
*and*
Michael J. O'Connor, Jr., Esq.
Joseph E. Pelochino, Esq.
ANDREWS · LAGASSE · BRANCH & BELL LLP
Attorneys for Plaintiffs